SUMMARY ORDER
Roby Kosasih, a native and citizen of Indonesia, filed a petition for review of a BIA decision affirming an Immigration Judge’s (“IJ’s”) denial of asylum, withholding of removal, and Convention Against Torture (“CAT”) relief. We assume the parties’ familiarity with the underlying facts and procedural history of the case.
This Court reviews adverse credibility determinations under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be compelled to conclude to the *141 contrary.” 8 U.S.C. § 1252(b)(4)(B); see Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).
Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency’s finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). While the courts retain jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review constitutional claims and “questions of law,” the petitioner in this case has challenged only purely factual determinations and the agency’s exercise of discretion. The Court therefore lacks jurisdiction to review the agency’s denial of asylum. See Joaquin-Porras v. Gonzales, 435 F.3d 172, 178-80 (2d Cir.2006). Because the IJ’s imposition of that deadline was determinative in this case with respect to Kosasih’s asylum application, we have no reason to disturb the IJ’s denial of asylum.
There is also no basis to disturb the IJ’s denial of withholding of removal based on Kosasih’s inability to satisfactorily explain the omission in his written application, and his failure to corroborate his testimony with his sister’s testimony and affidavits from family members in Indonesia. Kosasih testified that his sister was available to testify, yet he failed to produce her as a witness. Kosasih was not otherwise credible and the IJ did not base her denial of Kosasih’s asylum claim solely on the lack of corroboration. See Xiao Ji Chen, 434 F.3d at 164. The IJ’s denial of Kosasih’s claim was based on testimony for which there was substantial evidence that it was both uncorroborated and non-credible.
Kosasih has not challenged the IJ’s denial of his CAT claim in his brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. See Yueqing Zhang v. Gonzales, 426 F.3d at 542 n. 1, 546 n. 7 (2d Cir.2005).
For the foregoing reasons, the petitions for review are DENIED. Having completed our review, any stay of removal the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DENIED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).